IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
CLERK

Civil Action No.   10-cv-01278-BNB

ARRON SMALLCANYON, # 135719,

　　　　Plaintiff,

v.

JOHN DOE, President (CEO) PHP-Correctional Health Partners,
GARY PARDO, Physician Health Partners, (CHP),
BEVERLY DOWIS, Health Service Administrator, PHP,
P.A. STOCK, State of Colorado, C.D.O.C., PHP-CHP,
P.A. MELLOH, State of Colorado, C.D.O.C., PHP-CHP,
DR. PAULA FRANTZ, M.D., State of Colorado, C.D.O.C.,
NICOLE WILSON, State of Colorado, C.D.O.C., Medical Records and Authorized
　　　　Grievance Agent, and
JOHN DOE and JANE DOE, 1-10, All Named Defendants in Their Official and
　　　　Individual Capacities,

　　　　Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Arron Smallcanyon, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility.

Mr. Smallcanyon, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C.

§ 1983 and 28 U.S.C. § 1343.  The Court must construe the Complaint liberally

because Mr. Smallcanyon is not represented by an attorney.  *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d

at 1110.  For the reasons stated below, Mr. Smallcanyon will be ordered to file an

Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Smallcanyon and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Smallcanyon fails to set forth a short and plain statement of his claims. The claims are presented in a narrative format that is repetitive. Therefore, Mr. Smallcanyon will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. It is Mr. Smallcanyon's responsibility to present his claims in a short and concise format.

Mr. Smallcanyon also is advised that he must allege specific facts in his Amended Complaint that demonstrate how each named Defendant personally

participated in the asserted constitutional violations. Although Mr. Smallcanyon has asserted specific claims against Defendants Beverly Dowis, P.A. Stock, P.A. Melloh, Dr. Paula Frantz, and Nicole Wilson, he fails to assert specific claims against Defendants John Doe, the PHP President, and Gary Pardo. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Smallcanyon must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Smallcanyon further is instructed that to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Smallcanyon file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Smallcanyon,

together with a copy of this Order, two copies of the Prisoner Complaint form to use in

filing his Amended Complaint. It is

FURTHER ORDERED that if Mr. Smallcanyon fails to comply with this Order

within the time allowed, the action will be dismissed without further notice.

DATED August 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01278-BNB

Arron Smallcanyon
Prisoner No. 135719
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

 I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on **8|6|10**

GREGORY C. LANGHAM, CLERK

By:_____
    Deputy Clerk